UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD SWAIN,

              Plaintiff,                        CIVIL ACTION NO. 11-CV-15446

    vs.

                                       DISTRICT JUDGE MARIANNE O. BATTANI

GFI MANAGEMENT SERVICES,
INC., and DETROIT SQUARE         MAGISTRATE JUDGE MONA K. MAJZOUB
PROPERTIES, LLC,

              Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF, COMPEL PLAINTIFF TO SUPPLEMENT HIS ANSWERS TO WRITTEN DISCOVERY REQUESTS, COMPEL PLAINTIFF'S EXECUTION OF RECORD AUTHORIZATIONS AND FOR EXTENSION OF DEFENSE EXPERT REPORT DEADLINE (DOCKET NO. 11)

This matter comes before the Court on Defendants Detroit Square Properties, LLC and GFI Management Services, Inc.'s motion to compel Independent Medical Examination of Plaintiff, compel Plaintiff to supplement his answers to written discovery requests, compel Plaintiff's execution of record authorizations and for an extension of the defense expert report deadline. (Docket no. 11). Plaintiff concurred with the motion. (Docket no. 12). The parties filed a joint statement of resolved and unresolved issues. (Docket no. 16). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 13). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

As a preliminary matter, E.D. Mich. Local Rule 7.1(a) requires a movant to seek concurrence from opposing counsel prior to filing a motion and state in the motion whether or not counsel conferred about the motion. "Seeking concurrence from the opponent is a mandatory directive of

1

the Local Rules of this District." *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009). Not only does Defendants' motion fail to state that they sought concurrence from Plaintiff prior to filing their motion, but Plaintiff actually filed a concurrence with the motion.

Despite Plaintiff's concurrence, the joint statement indicates that unresolved issues remain relative to Defendants' motion.

Plaintiff brought this action against Defendants to recover for personal injuries he sustained when he fell down a staircase at his apartment complex. In order to determine the extent of Plaintiff's injuries, Defendants scheduled an independent medical examination of Plaintiff. The examination was scheduled with Dr. Jeffrey Lawley at Great Lakes Orthopaedics, 6255 N. Inkster Rd, Suite 103, Garden City, Michigan on May 30, 2012 at 1:15 pm. Defendants, in their motion, contend that prior to the scheduled appointment Plaintiff informed defense counsel that he was unable to appear for the examination because he recently started a new job and would need the examination scheduled for a time after 3:00 pm. Defendants claim they are unable to accommodate Plaintiff's request because Dr. Lawley does not perform examinations after 3:00 pm. Consequently, Plaintiff's examination was rescheduled for July 11, 2012 at 1:00 pm. Because this rescheduled date was after the June 12, 2012 deadline for Defendants to produce expert reports, Defendants asked Plaintiff to stipulate to an extension of time for producing Dr. Lawley's expert report. Defendants claim that Plaintiff refused to agree to the extension unless Defendants agreed to allow Plaintiff to file a late expert witness list and late expert disclosures, neither of which Plaintiff had previously filed.

Defendants state that Plaintiff attended the July 11, 2012 physical examination with Dr.

Lawley but appeared so late that the examination could not go forward. The examination has been rescheduled again for September 5, 2012 at 1:00 pm. Defendants request an order directing Plaintiff to appear for the September 5 examination or risk dismissal of his complaint. Defendants also request an order directing Plaintiff to reimburse Defendants the $250 cancellation fee incurred from Dr. Lawley's office for the missed July 11, 2012 appointment.

In response to the motion, Plaintiff claims that he does not object to the physical examination, but states that he is reluctant to stipulate to an extension of Defendants' expert report dates when Defendants refuse to extend the same courtesy and allow him to file a late expert witness list. Plaintiff claims that his late expert witness list will not prejudice Defendants because he testified that he saw other doctors not listed on the initial disclosures and Defendants ordered records relative to these doctors. On July 5, 2012 Plaintiff filed a lay and expert witness list. (Docket no. 15). He asks for a ninety day extension of Scheduling Order dates. In the joint statement, filed after Plaintiff's expert witness list was filed, Defendants agreed to an extension of Scheduling Order dates and asked the Court to order Plaintiff to provide Defendants with signed and notarized authorizations for release of his records from Plaintiff's employer and from Plaintiff's expert Dr. Jiab Sulieman. The joint statement indicates that other matters raised in Defendants' motion involving Plaintiff's answers to written discovery requests and signed authorizations for release of Plaintiff's other medical records have been resolved.

Rule 35 provides that the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause shown and on notice to all parties and the person to be examined; and (B) must specify the time,

3

place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A), (B).  A plaintiff in a negligence action who asserts physical injury places that injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.  *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

The Court will accept for filing Plaintiff's July 5, 2012 Lay and Expert Witness List. (Docket no. 15).  In addition, the Court will grant Defendants' request for an order compelling Plaintiff's attendance at the September 5, 2012 medical examination.  With respect to Defendants' request for costs incurred due to Plaintiff's failure to attend the July 11, 2012 physical examination, Rule 37(b), Fed. R. Civ. P., allows the Court to sanction a party for failing to obey an order under Rule 35 or failing "to comply with an order under Rule 35(a) requiring it to produce another person for examination."  Fed. R. Civ. P. 37(b).  The Court may also order the disobedient party or the attorney advising the party, to pay the reasonable expenses caused by the failure.  Fed. R. Civ. P. 37(b)(2).

At the time Plaintiff failed to attend the July 11, 2012 medical examination there was no Court order pursuant to Fed. R. Civ. P. 35 and no violation of the same.  The Court will deny Defendants' request for costs incurred by Plaintiff's failure to appear.  However, with this Court's Order in place in this matter, further disregard by Plaintiff for the Defendants, Defendants' counsel and Defendants' expert's time and expense may result in costs being assessed against him.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel Independent Medical Examination of Plaintiff, compel Plaintiff to supplement his answers to written discovery requests, compel Plaintiff's execution of record authorizations and for an extension of the defense expert

4

report deadline (docket no. 11) is **GRANTED IN PART** as follows:

    1).  Plaintiff is directed to appear for his scheduled physical examination with Dr. Jeffrey Lawley on September 5, 2012 at 1:00 pm at Great Lakes Orthopaedics, 6255 N. Inkster Rd, Suite 103, Garden City, MI. 48135.  Plaintiff's failure to appear on time for the scheduled appointment may result in sanctions being imposed against him, up to and including dismissal of Plaintiff's complaint.

    2).  On or before September 11, 2012 Plaintiff must provide Defendants with signed and notarized authorizations for release of his records for Dr. Jiab Sulieman and Ford Motor Company.

    3).  On or before September 11, 2012 Plaintiff must provide Defendants with copies of any records from Dr. Sulieman in his or in his counsel's possession.

    4).  The Scheduling Order is extended as follows:

| | |
|---|---|
| Plaintiff's Expert Reports | 10/19/12 |
| Defendants' Expert Reports | 12/17/12 |
| Discovery Cutoff | 1217/12 |
| Dispositive Motions filed by | 1/4/13 |

    **IT IS FURTHER ORDERED** that Defendants' request for fees incurred due to Plaintiff's failure to attend the July 11, 2012 independent medical examination with Dr. Jeffrey Lawley is **DENIED**.

### NOTICE TO THE PARTIES

    Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 29, 2012            s/ Mona K. Majzoub          
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: August 29, 2012                    s/ Lisa C. Bartlett
                                          Case Manager